IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,  Plaintiff | ) ) ) | |
| v. | ) ) | No. 18 CR 96 |
| ATTILA GYULAI,  Defendant. | ) ) ) | Honorable Harry D. Leinenweber |

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

NOW COMES Defendant, ATTILA GYULAI, by and through his attorney, John T. Theis, and files the following Motion for a Bill of Particulars pursuant to Federal Rule 7(f) in this cause:

**Background**

1. The Defendant is charged in a four-count indictment with Wire Fraud, in violation of 18 U.S.C. Sec. 1343. The indictment alleges a scheme to "defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises…" The indictment describes certain actions taken by Defendant as owner and majority shareholder in a corporation which operated a well-respected restaurant in the city of Chicago.

**Bill of Particulars**

2. Although the indictment in this cause states that Defendant made certain false statements and participated in certain fraudulent transactions, the indictment does not properly advise Defendant of a) the false statements, b) the individual defrauded, or c) which transactions were fraudulent, and not merely financial transactions inherent to the running of any business.

3. A bill of particulars is necessary when an indictment lacks sufficient detail to permit a

Defendant to prepare for trial, avoid prejudicial surprise, or prevent a subsequent charge which might be violative of the Double Jeopardy clause. United States v. Glecier, 923 F. 2d 496, at 502 (7th Cir. 1991). The test for whether a bill of particulars is necessary is whether the indictment sets forth the elements of the offense charged and sufficiently apprises the Defendant of the charges to enable him to prepare for trial." United States v. Kendall 665 F.2d 126, at 134 (7th Cir. 1981).

4. The Government will likely assert that the voluminous discovery tendered in this case fills in the gaps that the indictment fails to provide. The discovery in this case provides no such safe harbor for the Government. If anything, the Government has been diligent in providing Defendant with all of the business bank records and many of Defendant's records, as well. Defendant is left to either identify for himself which transactions are fraudulent, or assume that the Government is limiting their proof to the transactions specifically mentioned in the indictment. It is significant that the complaint issued in this cause included more, and different, specific allegations than are included in the indictment.

WHEREFORE: the Defendant respectfully requests that this Court order pursuant to Federal Rule of Criminal Procedure 7(f) a Bill of Particulars specifically identifying the false or fraudulent transactions and statements of Defendant so that he may adequately prepare for trial. .

//s//
JOHN T. THEIS

Attorney for Defendant Attila Gyulai

Attorney for Defendant
190 South LaSalle Street, Suite 520
Chicago, Illinois 60603
312-782-1121
theislaw@aol.com