UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 96 |
| v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| ATTILA GYULAI | ) | |

**MOTION OF THE UNITED STATES FOR ENTRY OF**
**PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and in support thereof submits the following:

    1.    On January 3, 2019, an indictment was returned charging defendant ATTILA GYULAI in Counts One through Four with wire fraud in violation of Title 18, United States Code, Section 1343.

    2.    The indictment sought forfeiture to the United States of any and all right, title and interest defendant ATTILA GYULAI may have in any property, real and personal, that constitutes and is derived, directly and indirectly, from proceeds traceable to the commission of the offenses charged in Counts One through Four.

    3.    On November 7, 2019, pursuant to Fed R. Crim. P. 11, defendant ATTILA GYULAI entered a voluntary plea of guilty to Count Three of the indictment, thereby making certain property subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). 18 U.S.C. § 981(a)(1)(C) states in part:

    (a)(1) The following property is subject to forfeiture to the United States:

    (C) any property real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" as defined in section 1956(c)(7) of this title, or a conspiracy to commit such offense.

4. Because of the defendant's conviction of the above violation, funds in the amount of $195,000 are subject to forfeiture pursuant to the provisions 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as proceeds traceable to the wire fraud violation of conviction.

5. The amount of the forfeiture judgment is based on several instances between January 2016 and June 2016, where defendant misappropriated funds from Our Sangha for his personal use—those amounts totaling $195,000.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B), unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing.

7. In accordance with this provision, the United States requests that this Court enter a personal money judgment in the amount of $195,000, and further enter a preliminary order of forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) forfeiting all right, title, and interest defendant ATTILA GYULAI has in funds in the amount of $195,000 as property constituting and derived from proceeds traceable to the wire fraud violation of conviction.

8. Furthermore, 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), provides that if funds to satisfy the personal money judgment entered against defendant ATTILA GYULAI, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. have been transferred or sold to, or deposited with, a third-party;

      c.      have been placed beyond the jurisdiction of the Court;

      d.      have been substantially diminished in value, or

      e.      have been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant ATTILA GYULAI up to the value of the entered judgment amount, in order to satisfy the money judgment entered by the Court.

9.      Since funds in the total amount of the outstanding personal money judgment cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the United States, upon motion before this Court, has the authority to forfeit substitute assets to satisfy the personal money judgment. Should assets become available to satisfy the forfeiture judgment in the future, the United States shall, at that time, file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property to satisfy the forfeiture money judgment according to law.

10.      Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant ATTILA GYULAI and included in any judgment and commitment order entered in this case against him.

WHEREFORE, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a personal money judgment against defendant ATTILA GYULAI in the amount of $195,000, and further enter a preliminary order of forfeiture, in accordance with the draft preliminary order of forfeiture which is submitted herewith.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Matthew M. Getter*
_____
MATTHEW M. GETTER
Assistant United States Attorney
219 South Dearborn Street - 5th Floor
Chicago, Illinois 60604
(312) 886-7651